# IN THE COURT OF APPEALS OF IOWA

———————————

No. 24-1810
Filed March 11, 2026

———————————

**Drew Matthew Moir,**
Applicant–Appellant,

v.

**State of Iowa,**
Respondent–Appellee.

———————————

Appeal from the Iowa District Court for Plymouth County,
The Honorable James N. Daane, Judge.

———————————

**AFFIRMED**

———————————

Gary Dickey of Dickey, Campbell, & Sahag Law Firm, PLC, Des Moines,
attorney for appellant.

Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney
General, attorneys for appellee.

———————————

Considered without oral argument
by Chicchelly, P.J., and Buller and Langholz, JJ.
Opinion by Buller, J.

**BULLER, Judge.**

Drew Moir appeals the denial of postconviction relief. Based on the postconviction court's credibility findings and the failure of Moir to argue or prove he would have demanded a trial with different counsel, we affirm.

In 2014, seventeen-year-old Moir assaulted his eleven-year-old cousin by groping her buttocks and kissing her. The State filed a delinquency petition alleging Moir committed assault with intent to commit sex abuse and eventually sought to waive Moir to adult court. Moir's attorney did not resist waiver, and Moir pled guilty as charged in district court. He was placed on probation, then almost immediately cut off his electronic-monitoring device.

Moir sought postconviction relief. Among other claims, he argued he received ineffective assistance of counsel in the underlying proceedings[1] because his attorneys did not resist waiver to adult court or seek reverse waiver back to juvenile court.

At the postconviction trial some ten years after Moir pled guilty, his attorneys had imperfect recollections. His juvenile lawyer testified she always discussed the consequences of waiver with her clients. And she said that, if she did not contest waiver, it was at her client's direction. Moir's criminal-defense lawyer testified that he secured a favorable plea deal, and Moir told him, "I do not want to go to trial." Moir disagreed with much of his attorneys' testimony, but the postconviction court expressly found Moir was not credible and denied relief—describing many of Moir's claims as "outright specious."

---

[1] We assume without deciding ineffective-assistance claims relating to juvenile court are properly decided in this appeal from a postconviction action.

Moir appeals, and we review de novo. *See Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021). To obtain relief, he must prove both breach of an essential duty by his attorney and prejudice. *Id.* at 522–23.

First, as to Moir's claim his juvenile attorney was ineffective for not contesting waiver, the postconviction court concluded that counsel declined to resist at Moir's direction or because she reasonably believed resisting waiver was "futile." We agree with this reading of the record. Counsel does not render ineffective assistance by following a client's directives or declining to advance futile arguments. *E.g.*, *State v. Doolin*, 942 N.W.2d 500, 507 (Iowa 2020); *cf. Trane v. State*, 16 N.W.3d 683, 692–93 (Iowa 2025) (holding counsel not ineffective for honoring client's wish to forgo severance).

Second, as to whether Moir's counsel should have sought reverse waiver, we agree with the postconviction court's conclusion that reverse waiver was "highly unlikely" given Moir's age and the severity of the offense. Independent of this, we doubt reverse waiver was available as a matter of law because Moir was waived from juvenile to adult court and too old to be a youthful offender. *See State v. Iowa Juv. Ct.*, 998 N.W.2d 865, 872 (Iowa 2023).

Last, even if Moir proved deficient performance, his claims fail on prejudice. Moir argues he is owed relief because "[c]ounsels' errors are sufficient to undermine confidence in the outcome." But controlling state and federal case law required he prove the reasonable probability he would have demanded a trial rather than plead guilty. *Sothman*, 967 N.W.2d at 523; *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985). Moir makes no claim he would have demanded a trial, and he told his lawyer he didn't want one.

**AFFIRMED.**